[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Kin Yuet Li, brings this action against the defendants, Transportation General, Inc. d/b/a Metro Taxi and Vladimir Gelfand as a result of an automobile accident on August 13, 1993 at the intersection of Peck Street and Blatchley Avenue in the City of New Haven. The plaintiff proceeded on a two count CT Page 3555 Revised Complaint dated May 31, 1994. The defendants filed an answer and Special Defense and Counterclaim dated July 28, 1994. The plaintiff filed a Reply to the defendants' Special Defense dated August 16, 1994. The plaintiff also filed an answer and Special Defenses to the defendants' Counterclaim on August 16, 1994. On March 29, 1995 the defendant filed a Reply to the plaintiff's Special Defenses. On November 17, 1994 the defendants withdrew their Counterclaim. During the trial the plaintiff withdrew the Second Count of his complaint and also all claims for lost wages and loss of earning capacity.
The plaintiff Kin Yuet Li testified that he was traveling north on Blatchley Avenue at about 7:30 P.M. on August 13, 1993 when his vehicle was struck on the passenger side by a vehicle owned by the defendant Transportation General, Inc. d/b/a Metro Taxi and being then operated by the defendant Vladimir Gelfand in a westerly direction on Peck Street. The defendant Vladimir Gelfand also testified as did Michael Shanak, an accident reconstruction expert. It is not disputed that the plaintiff was traveling behind a pickup truck that made a right turn onto Peck Street. At that time the defendant Vladimir Gelfand was stopped at a stop sign on Peck Street. The plaintiff had no traffic control signal in his lane or path of travel. Mr. Li testified that he was traveling ten or fifteen yards behind a pickup truck that turned right into Peck Street. He stated as the pickup truck turned right he traveled straight ahead and when he reached the intersection with Peck Street he heard a big sound on the passenger's side of the car. He stated he felt his car move to the left over to the southeast corner of said intersection.
Mr. Gelfand testified that he stopped at the stop sign on Peck Street and when he looked left he saw a truck with its right signal light on and that there was no traffic coming from the right or straight ahead. Mr. Gelfand stated he was going 5 to 10 miles per hour at the time of impact and that he had travelled twelve to thirteen feet from where he had been stopped at the stop sign to the point of impact. He stated the plaintiff's vehicle was six to eight feet away from him when he first saw him.
The plaintiff was driving a 1986 Chevette which was a total loss from the damage received in this accident. (Exhibit L). The plaintiff never had the use of that vehicle after this accident. Mr. Gelfand was driving a Chevrolet Caprice which sustained only slight damage from this collision. (Exhibit 4). The defense CT Page 3556 witnesses' Mr. Gelfand and Mr. Shanak testified that the plaintiff's vehicle had partially crossed over the (imaginary) center line of his lane of traffic at the time of this accident.
The New Haven Police arrived at the scene shortly after the collision. (Exhibit CC). The investigating officer was Officer Amanda E. Leyda. She did not testify during this trial but a transcript of her testimony given at a Prejudgment Remedy Hearing on the matter was introduced into evidence. (Exhibit BB). The court read that transcript. The plaintiff was taken to Yale New Haven Hospital Emergency Room directly from the scene. Mr. Li stated at the hospital that he complained of a headache, pain in his low back and neck and tingling in his right leg. (Exhibit Q). He stated that that night he felt dizzy and vomited. He stated the next day, August 14, 1993 he had to return to the hospital where a CAT scan was performed on his head. (Exhibit Q2). He stated he called a neurologist but he had to wait two months for an appointment and that was too long. He stated that Dr. Arthur M. Seigel was recommended to him by a friend so he called and made an appointment with him. He saw Dr. Seigel for the first time on August 18, 1993. Dr. Seigel treated him and referred him for therapy and to Dr. Lance R. Hart, a Clinical Psychologist for a neuropsychological assessment. Dr. Hart saw the plaintiff for a total of nine hours. Dr. Seigel treated the patient from August 18, 1993 to March 30, 1994. He then saw Mr. Li again on November 26, 1996 for a final evaluation. Mr. Li also received therapy from Dr. James P. Cianciolo a Chiropractor, from November 4, 1993 to February 10, 1994. Mr. Li also received extensive therapy from Neurological Rehabilitation Institute. Dr. Seigel's report stated that the plaintiff had a five percent permanent partial impairment to the lumbar spine and a five percent whole person impairment due to post traumatic headache syndrome which incorporates the problems with concentration and memory.
The plaintiff's medical bills are as follows:
 Dr. Arthur Seigel $1,744.60 (Exhibit R1) Yale New Haven Hospital 427.70 (Exhibit Q1) Yale New Haven Hospital 636.70 (Exhibit Q2) Yale Diagnostic Radiology 340.00 (Exhibit W1) Yale New Haven Hospital 125.00 (Exhibit W2) Yale New Haven Hospital 93.00 (Exhibit W3) American Medical Response of CT 319.00 (Exhibit U) Dr. Lance R. Hart 1,080.00 (Exhibit X1) Connecticut Imaging Associates 521.00 (Exhibit V1) CT Page 3557 Dr. James P. Cianciolo 1,640.00 (Exhibit S1) Neurological Rehabilitation Institute 1,386.00 (Exhibit T) ---------- Total $8,313.00
The plaintiff testified that today he still has complaints that he is "forgetful" and has problems with "concentration" both of which problems he did not have before this accident. He stated he has back pain if he works or jogs and that his right leg tingles at times. He stated Dr. Seigel told him he had a bulging disc. This is mentioned in Dr. Seigel's report of November 1, 1993. The plaintiff testified that he had an accident seven years before this accident in Japan and denies he had any leg tingling from that accident. He testified if his history at Yale New Haven Hospital refers to leg tingling from his accident in Japan it is a mistake because he did not understand the questions asked of him at that hospital.
The defendants called Dr. Franklin Robinson, a Neurological Surgeon, as an expert witness. He examined the plaintiff on August 1, 1995. He stated he took a history from the plaintiff of his complaints and he reviewed the plaintiff's medical records. Dr. Robinson testified that he could not causally connect the plaintiff's bulging disc to this accident. He stated the plaintiff had a minimum disc bulge. He stated he found diminished feeling to a pin prick in the plaintiff's mid thigh to foot in his right leg. However, he testified that this did not correspond to any neurological problems. During his examination Dr. Robinson found the plaintiff's motor reflexes to be normal. He testified that during his examination he did not get into the plaintiff's complaints that he was "forgetful." In conclusion Dr. Robinson testified he could find no permanency relating to any of the plaintiff's injuries associated with this accident.
The plaintiff testified that he was born in China in 1954 and he graduated from high school there in 1972. He stated he did not go to college because of the revolution in China at that time. He stated he went into the Army for three years to play basketball because he was tall. After he was discharged from the Army he drove a truck for three years. In 1980 he went to Hong Kong to go to college but that did not occur because he could not speak English. While in Hong Kong he worked as a mechanic fixing buses and vehicles. In 1986 he went to Japan to learn Japanese at the request of his father's employer. After two years he returned to Hong Kong and worked for a travel agent. After six months he went CT Page 3558 to Australia because his uncle lived there and he wanted to learn English. He remained there one year when he returned to Hong Kong. After six months in Hong Kong he came to the United States in September 1990 for his sister's wedding. His sister was married in Meriden, Connecticut and after the wedding he went to live with his mother in New York City. While there he went to auto mechanic school and obtained a certificate for that occupation. In September 1991 he enrolled in New Haven Technical College now known as Gateway Community College. In June 1993 he received an Associate's Degree in a General Motor Program. Between September 1991 and June 1993 while going to school he also worked for two car dealerships as a mechanic. In January 1994 he was laid off from his job as a mechanic. In April 1994 he obtained a mechanic's job in Branford, Connecticut. He quit that job and found another job in North Haven as a mechanic. In September 1994 he enrolled at Central Connecticut State University. In January 1995 he left his job as a mechanic and now just works on his friend's cars. He subsequently graduated from Central Connecticut State University in December 1996 with a Bachelor of Science Degree in Industrial Technology for Power Transmission. (Exhibit Z). Mr. Li stated he is now in the United States on a student visa which expires in 1999. As a result he can only work twenty hours per week during the school year. He testified that he is now enrolled in a program to obtain a Master's Degree in Computer Science. Mr. Li testified that his tax return showed he earned $1,437.19 in 1992, $7,458.16 in 1993 and $10,357.49 in 1994. It is interesting; to note that after this accident he enrolled in college and earned a Bachelor of Science Degree and in 1994 he earned more wages than he did in 1993, the year in which the accident occurred. The fact that the plaintiff earned a college degree after the accident is significant because he claims the accident caused him to become "forgetful" and further made it difficult for him to concentrate.
The plaintiff claims money damages for his injuries and for the loss of his automobile. He testified that he purchased the 1986 Chevette automobile in 1991 for $1,400.00. After he purchased this vehicle he testified that he did a brake job on said vehicle, tuned it up and put in a new radiator. Mr. Li testified that at the time of the accident his car had been driven 80,000 miles and had a Blue Book value of $1,700.00. That was all the testimony there was relative to the value of the plaintiff's vehicle. The aforementioned Blue Book was not presented to the court. CT Page 3559
After hearing the evidence in this matter the court finds that the plaintiff has sustained his burden of proof as to the allegations in his complaint. Therefore the defendants are liable to the plaintiff for economic and noneconomic damages. However, the court further finds that the plaintiff was forty (40%) percent contributorily negligent in causing this accident. If there were no contributory negligence on the plaintiff's part the court would have awarded $42,000.00 in noneconomic damages and $8,313.00 in economic damages for total damages of $50,313.00.
As a result of finding the plaintiff forty (40%) percent contributorily negligent the court awards the plaintiff recoverable economic damages of $4,987.80 (60% of $8,313.00) and recoverable noneconomic damages of $25,200.00 (60% of $42,000.00) for a total judgment of $30,187.80 against the defendants plus costs of suit. The court makes no award for the property damage claim of the plaintiff because on the evidence presented at trial such an award would be too speculative.
Judgment may enter accordingly.
William J. Sullivan, Judge